WILLIAMS and another, Plaintiffs in error, vs. THE STATE, Defendant in error.

*February 11—March 8, 1927.*

*Intoxicating liquors: Searches: Evidence: Sufficiency: What officer observed upon entry of soft-drink place: Instructions.*

1. Where a town board had not lawfully granted a dance-hall operator a license for the sale of non-intoxicating liquors to be consumed on the premises, the sheriff had no authority to search the premises for intoxicating liquors without a warrant. p. 350.

2. Testimony of a police officer that one of the defendants seized a bottle from the back bar, ran out of the building and smashed it on the ground, and that when the officer followed him he found intoxicating liquor on the ground, was admissible in a prosecution for unlawful possession, as it was not obtained as the result of a search of any kind.   p. 351.
3. The fact that the bottle of illegal liquor was on the back bar of the place of business of one of the defendants and that a license issued by the town clerk to sell non-intoxicating liquor was in his name constitutes *prima facie* evidence that such liquor was unlawfully in his possession.   p. 351.
4. In a prosecution for the unlawful possession of intoxicating liquor, a charge that, whatever the jury thought of the principle of prohibition, it was their duty to abide by it and enforce the laws passed for its enforcement, whenever violations are shown, is not error as tending to make enforcement officers of jurors.   p. 351.

ERROR to review a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge.  *Affirmed.*

Plaintiffs in error (hereinafter referred to as the defendants) were convicted of having unlawful possession of privately distilled, manufactured intoxicating liquor.   They bring writ of error to review the judgment of conviction.

The information charged that *"Irving Williams,* a person licensed to sell non-intoxicating liquors as defined by the statutes of the state of Wisconsin, did have in his possession and on premises whereon he was authorized to sell non-intoxicating liquor, intoxicating liquor, and defendants above named did have in their possession unlawfully, privately distilled, manufactured intoxicating liquor and did sell, deal, and traffic in intoxicating liquor, and *Noble Williams,* one of the defendants above named, did, while premises were being searched for intoxicating liquor, destroy fluids on premises so as to prevent their seizure, contrary to the statutes."

The evidence shows that *Irving Williams,* on the 2d day of November, 1925, was the proprietor of a place of amuse-

ment consisting of a dance hall in which refreshments and non-intoxicating liquors were sold, which dance hall was located just outside the city of Fond du Lac, in the town of Fond du Lac, in Fond du Lac county. It appears that between 1 and 2 o'clock in the morning, on the 2d day of November, 1925, the sheriff and the deputy sheriff of Fond du Lac county drove up in front of this dance hall. The defendant *Noble Williams* was standing in the door, and, as he saw the sheriff alight from his car and proceed towards the door of the dance hall, he slammed the door in the face of the sheriff. As the sheriff entered the dance hall he saw *Noble Williams* seize a bottle from the back bar, run out of the hall through a side door, and smash it on the ground at a distance of about fifty feet from the hall. He went to the place where the bottle was thrown to the ground, found the broken bottle, and saw liquid upon the ground, which he testified was moonshine. His testimony was corroborated, in the main, by that of the deputy sheriff, except that he testified that the liquid apparent upon the ground smelled like moonshine. Following the introduction of this evidence, the State produced the town clerk of the town of Fond du Lac as a witness, whose testimony, coupled with the records of the town which he produced, indicated that on the 8th day of August, 1925, a license in form was issued to *Irving Williams* to conduct a soft-drink parlor on the premises in question. It appeared, however, that the application for the license was not passed upon by the town board until the 2d day of December, 1925, and that the license had been issued by the town clerk, pursuant to the custom obtaining in that town, before the application had been considered or the license authorized by the town board.

Upon this fact appearing, counsel for the defendants moved that the defendants be discharged. To this motion the court made response as follows: "No, I will not discharge the defendants. I will, however, allow the district attorney

to amend his information by striking from it the words 'a person licensed to sell non-intoxicating liquors as defined by the statutes of the state of Wisconsin,' and proceed under the amended information. If you wish to amend, Mr. District Attorney, you may do so." Upon motion of the district attorney the information was so amended.

No evidence was offered by or on behalf of the defendants, and the jury returned a verdict finding both defendants guilty of "illegally having in possession privately manufactured, distilled intoxicating liquor, as charged in the amended information."

For the plaintiffs in error there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

For the defendant in error there was a brief by *James Murray,* former district attorney of Fond du Lac county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *L. E. Gooding,* district attorney of Fond du Lac county, and *Mr. Messerschmidt.*

OWEN, J. The assignments of error are (1) that the court erred in refusing to discharge the defendants for the reason that there was no competent evidence to sustain the verdict of the jury, the evidence adduced being secured by unlawful search and seizure, in violation of the constitutional rights of the defendants; and (2) that the court erred in its instructions to the jury.

The contention with reference to the first assignment of error is based upon the premise that the evidence furnished by the testimony of the sheriff and his deputy was obtained as the result of an illegal search. It is conceded that the sheriff had no search warrant, and, as the town board had not lawfully granted a license for the sale of non-intoxicating liquors to be consumed on the premises, it follows that the sheriff had no authority to search the premises without a

warrant.   But the difficulty with the defendants' contention is that it is based upon a premise which has no existence in fact.   The evidence discloses no search of the premises.   It reveals no intention or purpose on the part of the sheriff to search the premises.   It appears that upon the entry of the sheriff he saw the defendant *Noble Williams* seize a bottle from the back bar, dash out of the building and break it upon the ground.   This occurred in his sight and view.   He merely followed the defendant *Williams* to the place where he had broken the bottle, discovered liquor on the ground, which he unequivocally testified to be moonshine.   It cannot be said that this evidence was secured by him as a result of a search of any kind.   It was clearly admissible, whether the premises were or were not licensed for the sale of non-intoxicating liquor.

It is further contended that the evidence does not connect the defendant *Irving Williams* with the possession of the illegal liquor.   The evidence does satisfactorily show that *Irving Williams* was the proprietor of the premises.   This is a necessary inference from the fact that a license for the sale of non-intoxicating liquor was issued in his name by the town clerk.   Although the town clerk did not testify that *Irving Williams* made application for the license, this follows as a permissible if not a necessary inference from the fact that the license was issued to him by the town clerk.   It appears, therefore, that this bottle of illegal liquor was on the back bar of the defendant *Irving Williams'* place of business.   This was *prima facie* evidence of its unlawful possession by *Irving Williams*.   *Nelson v. State,* 186 Wis. 648, 203 N. W. 343.   There was no evidence to rebut the presumption thus arising.   The verdict is supported by the evidence.

The court charged the jury as follows: "Whatever you or I may think of the principle or the policy of prohibition, it is our duty as jury and judge to abide by it, and enforce the laws passed for its enforcement, whenever violations of

them are shown in prosecutions before us." This instruction is severely criticised by counsel for defendants because, he says, the instruction in substance made "enforcement officers of jurors," and that this "deputization of the jurors as enforcement officers was error." This is not a legitimate construction of the language used by the trial judge. Manifestly the purpose of the language was to impress upon the jurors their duty in the premises. It was merely to remind them that they were not at liberty under their oaths to disregard the provisions of the prohibition laws no matter what their individual views concerning the wisdom thereof might be. The substance of the charge, taken as a whole, was that it was the duty of the jury to convict if the evidence disclosed a violation of the prohibition law no matter whether or not the jurors were in sympathy with the law. Instructions concerning the duties of jurors, many of whom may be performing that function for the first time, are proper and to be commended rather than treated as prejudicial error.

*By the Court.*—Judgment affirmed.